**ORIGINAL**

# United States Court of Federal Claims

No. 17-343 TC

Filed: October 24, 2017



**FILED**

OCT 24 2017

U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SUSAN FLANDER,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant.* | Motion to Dismiss, RCFC 12(b)(1); Lack of Jurisdiction; Discharge of Student Loan Debt; Department of Education; Motion for Partial Summary Judgment, RCFC 56; Treasury Offset Program; Offset of Tax Refunds; Illegal Exaction |

*Susan Flander, pro se*, Garland, TX, plaintiff.

*Douglas T. Hoffman, Esquire*, United States Department of Justice, Civil Division, Washington, DC, for defendant.

## OPINION AND ORDER

**Hodges,** *Senior Judge.*

Susan Flander sued the United States for discharge of her student loan debt and return of her tax refunds collected by the Department of Education as offsets for that debt. She alleges that the United States through the Department of Education ignored her 2002 Chapter 7 bankruptcy, though it would have been Chapter 13. She claims, moreover, that the Department did not "substantiate" her student loan debt adequately or acknowledge that she made certain cash payments toward that debt.

Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a motion for partial summary judgment pursuant to Rule 56, and a motion to dismiss plaintiff's Complaint for violation of Rule 8(a) of this court. Rule 8(a) requires that pleadings articulate a short and plain statement of the claim. Defendant requests in the alternative that plaintiff be required to provide a more definite statement of her pleading pursuant to Rule 12(e).

Ms. Flander alleges that she filed for bankruptcy in 2002 pursuant to Chapter [13] and that she made repeated requests for assistance from the Internal Revenue Service

because of alleged identity theft. She also cites various sections of the Code of Federal Regulations governing administration of federal student loans.

Defendant denies that plaintiff's debts were discharged in bankruptcy, and we have seen no evidence that they were. While bankruptcy court records from the Northern District of Texas are sparse and ambiguous, it is clear that either she did not pursue her bankruptcy or it was dismissed early on. In any event, the action terminated without discharge of plaintiff's education loan debt.[1]

Plaintiff alleges that the United States Department of Education withheld tax refunds from her by setoff and otherwise took money from her under color of law. For that reason, we have attempted to analyze this case according to the principles of illegal exaction. However, the possibility that plaintiff's education debts were discharged in bankruptcy is an essential factual element of illegal exaction given the facts of this case. Plaintiff cannot argue that the setoff was illegal or improper without a showing that her debts were discharged.[2] Records of the Bankruptcy Court in Texas do not show that any of Ms. Flander's debts were discharged prior to dismissal of her petition. For that reason, as supplemented by the comments set out below, we GRANT defendant's motion to dismiss.

## BACKGROUND

Plaintiff received a number of subsidized and unsubsidized Stafford loans to attend the DeVry Institute of Technology between 1995 and 1999. All of these loans are in default and they are held by the Department of Education for collection. The Department of Education sent plaintiff notices of default over several years and advised her that it would collect on her unpaid loan debt through the Treasury Offset Program. She did not respond.

When the Department recovered several payments by offset beginning in 2015, plaintiff complained that it lacked the authority to collect on her education debt. She mentioned bankruptcy often in her Complaint and elsewhere, though she has not claimed

---

[1] Defendant notes in particular that the document entitled "Trustee's Final Report and Account," which appears to assess a Chapter 13 bankruptcy claim, is blank in the fields for "Debtor Discharged" and "Plan Confirmed," and includes language showing that "the case was DISMISSED PRIOR TO CONFIRMATION on 12/10/2002." Without a confirmed plan, a dismissed bankruptcy claim discharges no debt.

[2] Plaintiff cites the applicable code provision in response to defendant's motion to dismiss and for summary judgment, even bringing to light that student loan debts are presumptively non-dischargeable:

> Chapter 13 Bankruptcy becomes effective upon confirmation, see 11 U.S.C. §§ 1324, 1325, and will result in a discharge of the debts listed in the plan if the debtor completes the payments the plan requires, see § 1328(a). A debtor may obtain a discharge of government-sponsored student loan debts only if failure to discharge that debt would impose an 'undue hardship' on the debtor and his dependents. §§ 523(a)(8); 1328; see United Student Aid Funds, Inc. v. Espinosa (2010).

directly that the education debts were subject to a stay in bankruptcy or discharged in bankruptcy. Ms. Flander must have known that her bankruptcy petition had been dismissed[3] and that none of her debts had been discharged.

The Department of Education responded to plaintiff's challenges with a summary of her loans and copies of her promissory notes. Plaintiff asserted that the documentation provided by the Department of Education as evidence of her debt was insufficient, claiming that several of the documents she received were "unofficial." She contends that some did not identify her by name or lacked proper signatures. Plaintiff has not attempted to show that copies of the promissory notes provided by the Department of Education to her and to this court are forgeries or otherwise are invalid.

Plaintiff's arguments seem intended only to confuse or delay defendant or the court. For example, she states that the Department of Education disbursed her education loans to other students in error. Yet plaintiff claims that she made payments on those loans that the Department did not credit her for. Plaintiff also thinks she might have been a victim of identity theft. Plaintiff has not attempted to support any of these contentions.

## DISCUSSION

Allegations of pro se complaints are held to a less stringent standard than those drafted by attorneys. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (ruling that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (internal citations and quotation marks omitted)). Plaintiff has benefitted from federal court policy mandating that we construe pro se complaints in a way that allows pro se plaintiffs every opportunity to have their cases heard fairly.

Plaintiff's Complaint as drafted does not include allegations within this court's jurisdiction. We do not have jurisdiction over discharges in bankruptcy, for example, and we could not issue an injunction to require that her tax refunds be returned. This court has cured similar problems by construing such complaints as seeking relief for illegal exaction, a cause of action for which this court does have jurisdiction. *See Wagstaff v. United States*, 105 Fed. Cl. 99 (2012) (construing a pro se plaintiff's claim to recover the amount of her tax refund used for a tax refund offset as an illegal exaction claim and accepting jurisdiction to hear such a claim); *Kipple v. United States*, 102 Fed. Cl. 773 (2012) (holding that the court could construe a pro se plaintiff's claim to recover the amount of a tax refund unlawfully offset as an illegal exaction claim, over which the Court of Federal Claims has jurisdiction).

---

[3] Defendant's motion to dismiss includes the Notice of Dismissal letter for plaintiff's case (No. 02-33316-SAF-13) from the Clerk of Court of the United States Bankruptcy Court for the Northern District of Texas dated December 24, 2002. It is addressed "TO THE DEBTOR(S), ALL CREDITORS AND OTHER PARTIES IN INTEREST" and reads: "You are hereby notified that after notice and hearing, an order was entered on Dec. 10, 2002 DISMISSING these proceedings."

Though plaintiff does not claim an illegal exaction or otherwise adopt this alternative argument, we construed her Complaint liberally to maintain jurisdiction of her case. Our effort to assist a pro se plaintiff in accordance with Supreme Court policy has resulted in delay and confusion in resolving her case.

Defendant moved to dismiss plaintiff's Complaint for lack of subject matter jurisdiction. *See* USCFC Rule 12(b)(1). Motions to dismiss pursuant to Rule 12(b)(1) are judged according to a preponderance of the evidence standard. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

The Tucker Act, 28 U.S.C. § 1346, is this court's jurisdictional statute. The Supreme Court has held that being only a jurisdictional statute, a plaintiff suing the United States in the Court of Federal Claims must also allege violation of a "money-mandating" statute or regulation that has been violated — that is a provision that authorizes the Government to reimburse plaintiff or pay her damages if it is violated. Defendant argues that plaintiff has not alleged the requisite money-mandating law or regulation.

Plaintiff contends that a provision of the Tucker Act mandates money payments in tax refund actions. The court has jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1). The Tucker Act does not create substantive rights to money payments. Rather, when a substantive right enforceable against the United States for money damages exists by virtue of a separate source of substantive law, the Act confers jurisdiction to this court. *See United States v. Testan*, 424 U.S. 392, 398 (1976).

Plaintiff points to 31 U.S.C. § 3716 as a potential money-mandating statute. That statute authorizes the Treasury Offset Program whereby agencies of the federal government can recover debts by way of setoff. The section plaintiff highlights requires only that proper notice be given where an agency employs the setoff provisions of that law. Plaintiff would not be entitled to recover damages due to deficient notice in violation of 31 U.S.C. § 3716 or obtain cancellation of her debts even if the notice provision were violated. The statute does not contain money-mandating language tied to deficient or insufficient notice in the Department of Education's administration of the offset program. *Baker v. United States*, 123 Fed. Cl. 203, 205–206 (2015) (citing *McNeil v. United States*, 78 Fed. Cl. 211, 228 (2007) ("Sections . . . , and 3716 are not money-mandating sources of jurisdiction in this court."), *aff'd*, 293 Fed. Appx. 758 (Fed. Cir. 2008) (unpublished per curiam)).

Defendant anticipated in its pleadings that the court could construe plaintiff's allegations as an illegal exaction claim. Therefore, defendant requests summary judgment on that claim because plaintiff has not shown that she can prevail on the key elements of that legal theory. That is, plaintiff's debts were discharged in bankruptcy and the Department of Education did not substantiate her obligations to the Agency.

Plaintiff responds to defendant's assessment of her bankruptcy documents by stating, "the Chapter 13 plan issued was paid in full for litigation in attempts to settle by both debtors." It is difficult to know what this means. Like other assertions that Ms. Flander has made in this case, this one puts together words that only appear to have meaning.

Ms. Flander contends that the Department of Education has not satisfactorily substantiated "entitlement to funds," claiming that defendant has falsified records and "manipulate[d] [her] student records and other personal identity information." She says that if the court accepts defendant's "pathetic argument of 'lack of jurisdiction,' then justice is not served." She would then "request[] criminal investigation and prosecution of defendants on the grounds of theft of refunds for continued violation under 15 U.S.C. § 1692k(a)."

The preliminary plan for bankruptcy payments under Chapter 13 – which plaintiff insists shows that her debt was "paid in full" according to its terms – appears to be a proposed Chapter 13 bankruptcy payment plan and not a summation of payments made or proof of payment in accordance therewith. Plaintiff has provided no basis for her belief that a September 13, 2016 letter to her from the Department of Education or the promissory notes attached are fraudulent or false.

We have construed plaintiff's Complaint in such a way that we could accept jurisdiction and offer relief if appropriate. However, she has not provided evidence or even made clear arguments that support her contentions that the signed promissory notes produced by defendant were forged or fraudulently obtained. We have no evidence that the Department of Education was not assigned those notes properly and in the normal course.

## CONCLUSION

This court does not have jurisdiction over plaintiff's claims for discharge of her student loan debt or for monetary relief equivalent to the tax refund offsets paid to the Department of Education. We construed plaintiff's pro se Complaint as a claim for illegal exaction to evaluate her arguments within a context that is common in this court's jurisdiction.

Plaintiff cannot establish the key element that she needs to argue that defendant's offset was improper – that her educational debts were discharged in bankruptcy. She

cannot show that the promissory notes, on which the Department of Education relies to prove her debt, are fraudulent, or that assigning those debts via the Treasury Offset Program was improper.

Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED. Defendant's motion for partial summary judgment is moot and therefore is DENIED. The Clerk of Court will dismiss plaintiff's Complaint. No costs.

**IT IS SO ORDERED.**

*/s/ Thomas C. Wheeler*
Thomas C. Wheeler
Judge, for
Robert H. Hodges, Jr.
Senior Judge